THOMAS, Circuit Judge,
dissenting:
I respectfully dissent. The ALJ’s residual functional capacity assessment limiting Yasuda to simple, unskilled work and occasional, superficial contact with colleagues does not capture all of his moderate limitations and work restrictions as identified by Dr. House. Specifically, the assessment did not take into consideration Dr. House’s limitations relating to Yasuda’s difficulty: (1) maintaining regular attendance with punctuality; (2) performing activities within a schedule; (3) sustaining an ordinary routine without special supervision; (4) working in coordination or proximity to others without being distracted by them; or (5) completing a normal workday and workweek without interruptions from psychological symptoms.
These limitations were not included in the residual functional capacity assessment or in the hypothetical posed by the ALJ to the vocational expert. A vocational expert’s testimony constitutes substantial evidence only if the hypothetical question posed considers “all of the claimant’s limitations.” Andrews v. Shalala, 53 F.3d 1035, 1044 (9th Cir.1995). Because the hypothetical question was flawed, reversal is required.
An ALJ’s summarized assessment of a claimant may adequately capture restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony. Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir.2008). However, Stubbs-Danielson does not stand for the proposition that all moderate psychological limitations can always be conflated by the ALJ into descriptive phrases. Indeed, the ALJ’s description in Stubbs-Danielson contained far more restrictive language, even though the applicant in that case had far fewer limitations than Yasuda. Here, the reference to “simple, unskilled work” simply did not capture the work limitations imposed by Dr. House.
Therefore, I would reverse and remand.